IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES LEE POLK | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv11 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner James Lee Polk, an inmate confined at the Smith Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed what he titled a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Discussion

While the petition is largely indiscernible, petitioner's petition is liberally construed as asserting a claim that he is being unlawfully confined on a twenty-four year sentence allegedly for two false cases. Additionally, petitioner complains he is being classified as a criminal offender with a 3G offense. Further, petitioner complains of several of the conditions of his confinement at the Smith Unit located in Lamesa, Texas.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Smith Unit located in Lamesa, Texas. However, a review of the TDCJ website reveals petitioner is confined for convictions received in Dallas County, Texas. *See* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=02132394. Pursuant

to 28 U.S.C § 124, Dallas County is in the Dallas Division of the Northern District of Texas. Additionally, Lamesa is located in Dawson County, Texas which is within the jurisdictional boundaries of the United States District Court for the Northern District of Texas, Lubbock Division.

As petitioner is neither challenging a conviction from a court within this district nor currently confined in this district, jurisdiction is not proper in the Eastern District of Texas. The court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Dallas Division of the Northern District of Texas and all records and witnesses involving this action may be located in the Northern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of Texas, Dallas Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 22nd day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge

2