IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEE POLK, #1533696, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-00355-E (BT) |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Texas prisoner James Lee Polk filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Liberally construing the petition, Polk appears to challenge two state convictions for which he claims he was sentenced to a twenty-four-year sentence. ECF No. 1 at 1.[1] Further, he appears to complain about the conditions of confinement at the Smith Unit in Lamesa, Texas, including the alleged theft of his property throughout 2023. ECF No. 1 at 1-2. But Polk did not pay the $5.00 filing fee for habeas actions or apply for leave to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account. Nor did he file his habeas application on the Court's approved form for actions filed under 28 U.S.C. § 2254. Accordingly, the Court issued an order and notice of deficiency

---

[1] The two cases Polk references are: (1) *The State of Texas v. James Lee Polk*, F8997732, and (2) *The State of Texas v. James Lee Polk*, F9268788. Polk received twenty-five-year sentences in those cases to run concurrently. Details (dallascounty.org) (search for Polk's case numbers; last visited April 16, 2024). These sentences expired years before Polk filed this action.

(NOD) requiring Polk to correct these deficiencies by March 15, 2024, and it supplied the forms necessary for compliance at that time. ECF No. 8. The Court warned Polk that his failure to comply with the NOD could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Polk's deadline for compliance with the NOD has passed, but he has not complied with the Court's instructions or responded to the NOD. Instead, mail sent to Polk has been returned as undeliverable, and he has not provided the Court with a current address. ECF Nos. 10, 11.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Polk's failures to pay the full filing fee or submit a proper IFP application with a certificate of inmate trust account and to file an amended habeas application

on the Court's approved form for filing § 2254 petitions have prevented this action from proceeding. Further, in contravention of the local rules of this Court, Rule 41(b), and the Court's standard instructions to *pro se* prisoners, Polk has failed to keep the Court apprised of his address, so the Court is unable to communicate with him. *See* ECF No. 7 ("Instructions to a Prisoner *Pro Se* Plaintiff"); *Thompson v. Beatty*, 2023 WL 5311518, at *1 (N.D. Tex. July 28, 2023) ("Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes."), *rec. accepted* 2023 WL 5312210 (N.D. Tex. Aug. 17, 2023) (citing *Lewis v. Hardy*, 248 F. App'x 589 593 n.1 (5th Cir. 2007)); N.D. Tex. Civ. R. 1.1 (c)(2), 83.13, and 83.14.

Given these circumstances, the Court should dismiss Polk's case without prejudice for failure to prosecute and failure to follow Court orders. *See*, *e.g.*, *Hunt v. City of Dallas, TX*, 2023 WL 5760030, at *2 (N.D. Tex. Aug. 8, 2023) ("By not complying with the March 8 order to file an amended complaint and by not updating the Court as to his address—in addition to leaving the impression that he no longer wishes to pursue his claims—Hunt has prevented this action from proceeding and has thus failed to prosecute this lawsuit."), *rec. accepted* 2023 WL 5758884 (N.D. Tex. Sept. 5, 2023); *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Texas v. Hill*, 2020 WL 5913669, at

3

*1 (N.D. Tex. Sept. 14, 2020) ("The petitioner failed to comply with the orders that he file his § 2241 petition on the appropriate form and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. The case should therefore be dismissed under Rule 41(b) for failure to prosecute or follow court orders."), *rec. accepted* 2020 WL 5912417 (N.D. Tex. Oct. 6, 2020).

## Recommendation

Unless Polk cures the deficiencies specified in this recommendation within the time to file objections to it (discussed in more detail below), the Court should dismiss his § 2254 habeas application without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

SO RECOMMENDED.

Dated April 22, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.